

**Lynda Maye,** (in pro per)
6326 Jamison Rd.
Santa Rosa CA 95404
Phone: (707) 495-2884

Case No.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

# CV 14 2841

LYNDA MAYE, an individual; and L.H., a minor, in the custody of his mother.

Plaintiffs,

vs.

COUNTY OF SONOMA, a public entity;
MADELINE SOWERS, individually;
DARCEE DRAKULICH, individually;
SCOTT WALAS, individually;
BONNIE ALONSO, individually;
COMMISSIONER ANTHONY WHEELDON, individually;
ANGELA TEJEDA, individually;
DONNA BROADBENT, individually;
ROBIN SMITH, individually;
GLORIA SPEICHER, individually;
JILL DAVIDSON, MSW, individually;
J. WILLIAM EVANS, MD, individually;
JENNIFER MOREHOUSE. Individually;
OFFICER CHARLES BLOUNT, individually;
OFFICER TJ VANBEBBER, individually;
And DOES 1 through 100, Inclusive

Defendants

**COMPLAINT FOR DAMAGES**

**Claim 1**: Violation of Federal Civil Rights .

**Claim 2**: Violation of State Civil Rights

**Claim3**: Intentional Infliction of Emotional Distress

**Claim 4**: Negligent Infliction of Emotional Distress

**Claim 5**: Gross Negligence

**Claim 6**: Liability for Children's Tort

**Claim 7**: False Imprisonment

**Claim 8**: Abuse of Process

**Claim 9**: Invasion of Privacy

**Claim 10**: Declaratory Relief

**[JURY DEMANDED]**

1

Plaintiffs, **LYNDA MAYE** ("Lynda" or "Lynda Maye") and **L.H.**, respectfully represent and allege as follows:

### JURISDICTION

1.      Lynda Maye and L.H. bring this civil rights lawsuit pursuant to 42 U.S.C. Section 1983 to redress the deprivation by Defendants, at all times herein acting under color of state law, of rights secured to plaintiffs under the United States Constitution, including the First, Fourth, and Fourteenth Amendments, and under federal and state law where applicable.

2.      Jurisdiction is conferred on this court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. §1983. Jurisdiction is also conferred by 28 U.S.C. §1331 because claims for relief derive from the United States Constitution ad the laws of the United States. This Court has supplemental jurisdiction over those claims of Plaintiffs based on state laws, pursuant to 28 U.S.C. § 1367

### PARTIES

3.      At all times relevant to this Complaint, plaintiffs were residents of the   COUNTY OF SONOMA, California. Plaintiff Lynda Maye is the mother of minor Plaintiff, L.H. (a fictitious name is used herein to protect the minor's privacy). At the time the incidents giving rise to the causes of action in this Complaint occurred, L.H. was 9 years old.

4.      At all times applicable herein, the COUNTY OF SONOMA was and is a public entity ("County" or "County of Sonoma").

5.      At all times applicable herein, the SONOMA COUNTY CHILD PROTECTIVE SERVICES AGENCY ("CPS") was and is a subdivision, entity, or administrative arm of the COUNTY OF SONOMA.

6.      At all times applicable herein, social worker ANGELA TEJADA ("Angela Tejada" or "Tejada") was an individual residing, on information and belief, in the County of Sonoma, and an officer, agent, and/or employee of County and CPS. Defendant Tejada is sued herein in her individual capacity.

7.  Defendants does 1 through 50 are sued as fictitious names, their true names and capacities being unknown to plaintiff. When ascertained, plaintiff will amend this complaint by inserting their true names and capacities. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the current occurrences herein alleged, and those defendants proximately caused, are responsible for and/or legally liable for plaintiff's damages as herein alleged. Each reference in this complaint to "defend them," "defendants," or a specifically named defendant refers to and includes all defendants sued under fictitious names. On information and belief, plaintiff makes all allegations contained in this complaint against all defendants, including does 1 through 50.

## COMMON ALLEGATIONS

8.      On the night of June 18, 2012, Plaintiff L.H. called the cops on himself. Minutes earlier, he had pulled a knife on his mother, Plaintiff Lynda Maye, who consequently chastised him, and told him to wait on the porch until his father got home. Instead, LH had gone to the next door neighbors, and demanded that they call the police.

9.      After arriving, the officers detained LH, citing that he was a danger to himself and others; notwithstanding that:

•LH was 9 years old,

•both his parents were home, attending responsibly to the situation,

•LH had no record of being violent, and had never brandished a knife at anyone before,

•the knife itself was tiny—a folding pen knife with a two inch blade,

•LH had already relinquished the knife,

•and had already expressed contrition for his action to the extent that he demanded that the neighbors call the police.

10.      Nonetheless, Officers Charles Blount and TJ VanBebber detained LH, and transported him to Valley of the Moon juvenile facility. Officer Blount told Lynda that L.H.

3

1    was going to stay there for the night to "let things cool down a little bit."

2    11.        Plaintiffs allege that Defendants proceeded to concoct and propagate a false

3    narrative, derogatory of the Plaintiffs, resulting in precipitous and sweeping actions that

4    caused great emotional trauma and physical harm to the Plaintiffs.

5    12.        Plaintiffs then were forced to engage in a protracted struggle to reunite their

6    family, in the face of a smorgasbord of false and frivolous allegations, which could neither be

7    proven nor disproven. L.H. Was detained for a total of 372 days in the care of the county. L.H.

8    was denied appropriate medical care for his health related conditions. L.H. suffered great

9    emotional and physical harm. Instead of protecting LH from abuse, Defendants imposed

10   abuse. Instead of protecting Plaintiffs from harm, Defendants instituted harm. Plaintiffs

11   suffered extreme trauma and distress.

12                          **FIRST CLAIM FOR RELIEF**

13            **FOR VIOLATION OF FEDERAL CIVIL RIGHTS (42 U.S. C. §1983)**

14   **(FAMILIAL ASSOCIATION, PRIVACY, SEIZURE OF CHILD/UNLAWFUL DETENTION; BY ALL**
15   **PLAINTIFFS AGAINST SOCIAL WORKER DEFENDANTS; POLICE DEFENDANTS; AND DOES 1**
16                          **THROUGH 50, INCLUSIVE)**

17   13.        Plaintiffs are informed and believe and thereon allege that the right to familial

18   association guaranteed under, without limitation, the First, Fourth, and Fourteenth

19   Amendments is "clearly established" such that a reasonable social services agent in

20   Defendants' situation would know it is unlawful to remove a child from the care, custody, and

21   control to is parents for false and frivolous reasons.

22
23   14.        Defendants, and each of them, had, at all times relevant herein, an affirmative

24   duty and obligation to recognize and conduct themselves in a manner that confirms, privides

25   for, and does not violate the protections guaranteed Plaintiffs under the United States

26   Constitution, including those uner the Fourteenth Amendment, to include without limitation,

27   the protection of parental rights, the right to privacy, family integrity, the right to familial

28

4

relations, and the right to obtain qualified medical care and attention.

15.      Defendants, and each of them, were acting under color of state law when they acted, or knew and agreed and thereby conspired, to violate Plaintiffs' civil rights by, but not limited to, removing, detaining, and continuing to detain, L.H. from the care, custody, and control of his parents, Lynda Maye, without proper or just cause and/or authority, thereby violating Plaintiffs' rights under the First and Fourteenth Amendment, and as to L.H. rights additionally found under the Fourth and Fourteenth Amendments of the United States Constitution.

16.      The wrongful and despicable conduct of Social Worker Defendants and Police Defendants, and each of them, as herein alleged was intention, done with malice, oppression, or fraud, with a callous or reckless indifference to the rights of Plaintiffs, or motivated by an evil intent., such that Plaintiffs are entitled to recover punitive damages in accordance with law and subject to proof at trial.

**COUNT 2**

**(FAMILIAL ASSOCIATION/RIGHT TO BE FREE FROM DISHONESTY OF PUBLIC EMPLOYEES IN JUVENILE COURT PROCEEDINGS, I.E. PERJURY, FABRICATION OF EVIDENCE, SUPPRESSION OF EXCULPATORY EVIDENCE; BY ALL PLAINTIFFS AGAINST SOCIAL WORKER DEFENDANT" AND DOES 1 THROUGH 50, INCLUSIVE)**

17.      Plaintiffs are informed and believe and thereon allege that, at all times relevant herein, there existed a clearly established due process right not to be subjected to false accusations on the basis of false evidence that was deliberately fabricated by the government, such that a reasonable social services agent in Defendant's situation would know it is unlawful to lie, fabricate evidence, and/or suppress material exculpatory evidence in court reports or any other document filed with the juvenile court to influence judicial decision making.

18.      In fact, Defendants, and each of them, had the affirmative and self evident duty to be truthful, accurate, and complete in petitions, reports, and documents submitted to a

1  sovereign Court with power to adjudicate substantial rights, including parental rights, and to
2  refrain from using improper and deceptive means to obtain judicial sustension of
3  recommendations seeking to disparage Plaintiffs' liberty interests.

4  19.       In doing the things alleged herein, Defendants, and each of them, were acting
5  under color of state law when they acted, or knew and agreed and thereby conspired, to
6  knowingly present false allegations, false or coerced testimony, fabricated evidence, and/or
7  suppress exculpatory evidence, before the Juvenile Court, thereby violating Plaintiffs' rights
8  found in the First and Fourteenth amendments to the United States Constitution and breaching
9  their duty to Plaintiffs.

10  20.       As a direct and proximate result of these Defendants' violations, and in
11  accordance with 42 U.S.C. § 1983, Plaintiffs' civil rights have been violated in that they
12  suffered, and will continue to suffer, general and special damages in an amount not yet
13  ascertained but which shall be shown according to proof at trial.

14  21.       The wrongful and despicable conduct of Social Worker Defendants, and each of
15  them, as herein alleged was intentional, done with malice, oppression or fraud, with a callous
16  or reckless indifference to the rights and welfare of Plaintiffs, or motivated by an evil intent,
17  such that Plaintiffs are entitled to recover punitive damages in accordance with law and
18  subject to proof at trial.

19                                    <u>JURY DEMAND</u>
20  Plaintiffs, Lynda Maye and L.H., demand a jury trial as to all issues so triable.

21                                    <u>PRAYER</u>
22  WHEREFORE, Plaintiffs, Lynda Maye and L.H. pray for judgement against Defendants, as to
23  all causes of action, as follows:

24  1. General damages and special damages according to proof, but in any event no less than
25     $10,000,000;

26  2. As against only the individual defendants and not any municipality, punitive damages as
27
28

6

allowed by law;

3. Attorneys' fees pursuant to 42 U.S.C. § 1988, and any other appropriate statute;

4. Injunctive relief, both preliminary and permanent, as allowed by law, (including preliminary injunctive relief to be based upon a separate application);

5. Costs of suit incurred herein; and

6. Such further relief as the Court deems just and proper.

Dated: June 18, 2013

Lynda Maye, in pro per

COMPLAINT FOR DAMAGES