United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LYNDA MAYE, et al.,<br>　　　　　Plaintiffs,<br>　　v.<br>COUNTY OF SONOMA, et al.,<br>　　　　　Defendants. | Case No.  14-cv-02841-KAW<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND AND DENYING IN FORMA PAUPERIS APPLICATION WITHOUT PREJUDICE |

　　　　The Court has received Plaintiff Lynda Maye's complaint and application to proceed *in forma pauperis* (IFP), both filed in this Court on June 19, 2014.  The Court may authorize a plaintiff to file an action in federal court without prepayment of fees or security if the plaintiff submits an affidavit showing that he or she is unable to pay such fees or give security therefor.  28 U.S.C. § 1915(a).  The IFP statute also provides that the Court shall dismiss the case if at any time the Court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

　　　　Plaintiff's IFP application, however, is incomplete as filed, as she has not fully answered question numbers 1, 3, 4, 7, 8, and 9.  For example, Plaintiff must provide information regarding her assets, monthly expenses, and her debts.  Plaintiff may resubmit an amended IFP application that is completed in full by September 26, 2014 or pay the filing fee.

　　　　Additionally, it is impossible to discern from Plaintiff's complaint which essential details of the events pertain to which legal theories under which she seeks relief, including the identities of the individuals allegedly involved, with the exception of Angela Tejada.  The caption of the complaint lists ten causes of action, but only two claims are included in the body of the complaint.

Further, most of the individuals named as defendants are not identified in the complaint. If Plaintiff wishes to sue each person listed as a defendant individually, she must identify them in the "Parties" section of her complaint. Lastly, Plaintiff has failed to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8 of the Federal Rules of Civil Procedure. Plaintiff must clearly identify the facts that pertain to each cause of action. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The recitation of the legal elements of a cause of action, alone, is insufficient. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In amending her complaint, Plaintiff may wish to consult an attorney. Should she be unable to obtain counsel, she may wish to consult a manual the court has adopted to assist pro se litigants in presenting their case. This manual, and other free information for pro se litigants, is available online at: *http://cand.uscourts.gov/proselitigants*. Plaintiff may also wish to contact the Federal Pro Bono Project's Help Desk—a free service for pro se litigants—by calling (415) 782-8982.

Plaintiff should be aware that an amended complaint will supersede or replace the original complaint, and the original complaint will thereafter be treated as nonexistent. *Armstrong v. Davis*, 275 F.3d 849, 878 n.40 (9th Cir. 2001), abrogated on other grounds by *Johnson v. Cal.*, 543 U.S. 499 (2005). The first amended complaint must, therefore, be complete, in itself, without reference to the prior or superseded pleading, as "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) (citations omitted).

Accordingly, pursuant to its authority under 28 U.S.C. § 1915(e)(2), the Court dismisses Plaintiff's complaint with leave to amend. Plaintiff shall file the first amended complaint no later than September 26, 2014 or the case may be dismissed. Also by September 26, 2014, Plaintiff must file an amended IFP application or pay the filing fee.

IT IS SO ORDERED.

Dated: August 14, 2014

_____
KANDIS A. WESTMORE
United States Magistrate Judge

2